**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| Department of Transportation, | ) |
| | ) |
| Appellant/Employer-Below, | ) C.A. No.: N18A-06-008 SKR |
| | ) |
| v. | ) On Appeal from Decision of the |
| | ) Merit Employee Relations Board |
| Laura A. Keeley, | ) Docket No. 17-06-672 |
| | ) |
| Appellee/Grievant-Below. | ) |

## MEMORANDUM OPINION AND ORDER

This 11th day of September, 2018, upon consideration of appellee (below-grievant) Laura A. Keeley's ("Keeley") Motion to Dismiss[1], appellant (below-employer) Department of Transportation's ("DelDOT") Motion to Stay[2], the parties' respective Responses thereto[3], and the parties' oral arguments, it appears to the Court that:

### Factual and Procedural Background

1. Keeley was a former employee of DelDOT.[4] In August 2016, Keeley requested an advanced salary upon her promotion to her then-current position.[5]

---

[1] Keeley's Motion to Dismiss ("Mot. to Dismiss") (Trans. ID. 62239427).

[2] DelDOT's Motion to Stay ("Mot. to Stay") (Trans. ID. 62201921).

[3] DelDOT's Response to Keeley's Motion to Dismiss ("Resp. to Mot. to Dismiss") (Trans. ID. 62235537); Keeley's Response to DelDOT's Motion to Stay ("Resp. to Mot. to Stay") (Trans. ID. 62239382).

[4] Mot. to Stay, ¶ 1.

[5] *Id.*

DelDOT granted the salary increase, but not at the salary level Keeley was initially seeking.[6] Thus, Keeley brought a merit grievance (the "Grievance") to contest the result.[7] The Grievance proceeded through the internal grievance Step process as outlined in Merit Rule 18.[8]

2. Having succeeded at Step 1 but failing Steps 2 and 3, Keeley eventually filed an appeal to the Merit Employee Relations Board ("MERB").[9] At a hearing conducted on March 1, 2018, the MERB found that DelDOT had not timely appealed the Step 1 decision, which was rendered by Keeley's then-direct supervisor, to Step 2, so the matter was final and binding at Step 1. The MERB then held that it had no jurisdiction to consider the matter on its merits.[10] The MERB also issued a written order, dated March 27, 2018 (the "March 27 Order"), in which it not only affirmed its oral decision made at the hearing, but further modified the Step 1 decision and ordered DelDOT to pay Keeley a lump sum of back pay at the salary level she was seeking.[11] The March 27 Order was mailed out one day later, on March 28, 2018.[12]

3. DelDOT filed a Motion for Reconsideration on April 12, 2018, seeking to have the MERB modify its March 27 Order to delete the portion that orders DelDOT

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* ¶ 2.
[10] *Id.* ¶ 3.
[11] Mot. to Stay, Ex. MERB's March 27, 2018 Order, at 10 ("March 27 Order").
[12] *Id.* at 11. This represents one of those uncommon circumstances. A final order of either a court or an administrative agency is usually mailed out on the same day it is signed.

2

to pay Keeley.[13] The MERB, in a second order dated June 20, 2018 (the "June 20 Order"), denied DelDOT's Motion for Reconsideration.[14] On June 29, 2018, DelDOT filed a Notice of Appeal, appealing both the March 27 and June 20 Orders to this Court.[15] Keeley filed a Motion to Dismiss the Appeal, and DelDOT filed a Motion to Stay Enforcement of the MERB's June 20 Order. These pending Motions are the subject of this Memorandum Opinion and Order.

## **Motion to Dismiss**

4. Superior Court Civil Rule 72(i) provides that an appeal from a board decision may be dismissed "for untimely filing of an appeal, for appealing an unappealable interlocutory order, for failure of a party diligently to prosecute the appeal, for failure to comply with any rule, statute, or order of the Court or for any other reason deemed by the Court to be appropriate."[16]

5. Keeley contends that the Appeal should be dismissed because it is untimely and/or otherwise invalid. Specifically, Keeley argues that, with regard to the March 27 Order, the Appeal is untimely because it was filed more than three months after that Order was issued. In addition, Keeley argues that DelDOT has no right to appeal the June 20 Order because DelDOT did not timely file its Motion for

---

[13] Mot. to Stay, ¶ 4.
[14] Mot. to Stay, Ex. MERB's June 20, 2018 Order ("June 20 Order").
[15] Notice of Appeal (Trans. ID. 62189091). Briefing on this Appeal is now completed.
[16] Supci. Ct. Civ. R. 72(i).

3

Reconsideration. This untimeliness, Keeley argues, deprived the MERB of jurisdiction to consider the Motion for Reconsideration, and hence, the June 20 Order is a nullity.

6. The Court will first consider the validity of the Appeal as it pertains to the June 20 Order. Keeley's argument boils down to whether DelDOT's Motion for Reconsideration was timely filed before the MERB. If a MERB rule existed that addresses this issue, that rule should govern.[17] However, the Merit Rules do not provide for motions for reconsideration.[18] Therefore, the Court will apply, by analogy, Superior Court Civil Rule 59(d) ("Rule 59(d)") to decide the issue of the timeliness of DelDOT's Motion for Reconsideration.[19]

7. Rule 59(d) provides that a motion to alter or amend a judgment must be filed and served "not later than 10 days after the *entry* of the judgment."[20] However,

---

[17] *See McIntosh v. Chrysler Corp.*, 1995 WL 339078, at *4 (Del. Super. Mar. 16, 1995) (holding that an administrative agency is governed by its own procedural rules and the Superior Court Rules have no binding effects on it).

[18] The parties do not contest the MERB's authority to hear a motion for reconsideration. The MERB seems to have taken the same position, as it heard DelDOT's Motion for Reconsideration and rendered a decision. The Court will thus analyze the matter on the assumption that the MERB has such authority.

[19] It is common practice in this Court to apply its own Rules in reviewing an administrative agency's decision, when there is no applicable agency rule in place. *See Wright v. Quorum Litig. Serv.*, 1997 WL 524061, at *2 (Del. Super. Apr. 4, 1997) (applying Rule 60(b)(1) and its definition of "excusable neglect" in reviewing an Unemployment Insurance Appeal Board's decision when there is no Board rule defining that term). Moreover, the parties here consent to applying Rule 59(d). They both agree that DelDOT's Motion for Reconsideration, which seeks to modify a portion of the March 27 Order, is more akin to a motion to alter or amend a judgment under Rule 59(d), than a motion for reargument under Rule 59(e).

[20] Super. Ct. Civ. R. 59(d) (*emphasis added*).

4

there is no "date of entry" in this case, because the MERB does not maintain a formal docket as this Court does. Alternatively, Keeley suggests that the 10-day period started to run from March 27, 2018, i.e., the date the Order was signed, while DelDOT contends that the starting date should be March 28, 2018, i.e., the date the Order was mailed.[21] The Court agrees with DelDOT.

8. The date of mailing/notification has significance in appealing a final decision of an administrative board. The Administrative Procedures Act ("APA"), which provides general guidance for all administrative proceedings and appeals therefrom, states that an appeal from such a decision shall be filed "within 30 days of the day the notice of the decision was *mailed*."[22] Other administrative agencies, that have regulations in place addressing post-hearing or post-decision motions, also use "date of mailing/notification" to calculate the period of time for filing such motions. For example, the Unemployment Insurance Appeal Board allows a party to file a motion for rehearing at any time within 10 days after "the date of notification [of its final decision] or *mailing* thereof."[23] The Industrial Accident Board even goes further. It allows any party who intends to challenge its decision, within ten days

---

[21] The Motion for Reconsideration, filed on April 12, 2018, would have been timely if the 10-day period started to run from March 28, but not from March 27. *See* Super. Ct. Civ. R. 6(a) (stating that when the period of time allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded).

[22] 29 *Del. C.* § 10142(b) (*emphasis added*).

[23] *See* UIAB Rule 7.0; 19 *Del. C.* § 3322(a) (*emphasis added*).

"after *receipt* of the [] decision," to file a motion to request additional testimony or argument.[24]

9. The above-referenced statutes and rules demonstrate the intention of their enacting bodies to permit sufficient time for the aggrieved party, *after she receives notice*, to determine whether to move to re-argue a board's final decision. The same rationale also exists under Rule 59(d), where the filing period starts on the day of entry, rather than the day the judge signs the order. Through the Court's electronic filing and docketing system, parties are immediately notified when a Court order is entered. Taking into consideration the principle of giving parties sufficient notification, the Court finds that March 28, 2018 is the better place to start the 10-day calculation. Therefore, DelDOT's Motion for Reconsideration is timely filed, and the Appeal is valid with regard to the June 20 Order.

10. The Court will next consider whether the Appeal is timely as to the March 27 Order. The Court finds that it is. It is well-established that a timely-filed Rule 59 motion tolls the finality of a judgment of this Court and the time period for appealing it.[25] Thus, the March 27 Order did not become final or appealable until the MERB resolved DelDOT's Motion for Reconsideration by issuing its June 20 Order. This Appeal was filed on June 29, 2018 and thus well within the 30-day

---

[24] *See* IAB Rule 22 (*emphasis added*).
[25] *E.g., Tomasetti v. Wilmington Sav. Fund Soc'y, FSB*, 672 A.2d 61, 64 (Del. 1996).

6

period to appeal the two MERB Orders as provided in the APA. Since the Appeal is timely and valid with regard to both MERB Orders, Keeley's request to dismiss the Appeal is without merit.

## Motion to Stay

11. DelDOT petitions the Court to stay enforcement of the MERB's June 20 Order, which directs DelDOT to pay Keeley a lump sum of back pay. The APA sets forth prerequisites that must be met before this Court could stay enforcement of an administrative decision. Specifically, it provides that the Court may stay enforcement of such decision "only if it finds, upon a preliminary hearing, that the issues and facts presented for review are substantial and the stay is required to prevent irreparable harm."[26] Moreover, "simply outlin[ing] the issue[] before the Court" is not enough to establish a "substantial issue," the moving party must establish "a reasonable probability of success on the merits."[27]

12. DelDOT maintains that the following "substantial" issues of law and fact are submitted for review: (1) whether the MERB can modify the Step 1 decision when it does not have subject matter jurisdiction to consider the matter on its merits; (2) whether the MERB can modify the Step 1 decision without convening a further hearing to consider the issue; and (3) whether the MERB can modify the Step 1

---

[26] 29 *Del. C.* § 10144.
[27] *Dept. of Transp. v. Keeler*, 2010 WL 334020, at *1 (Del. Super. Jan. 28, 2010).

7

decision when it lacks substantial record evidence to render such a determination.[28] However, DelDOT offers no evidence and makes no argument that allows the Court to conclude that it will prevail on the merits on those issues. By simply outlining the issues before the Court, DelDOT fails to establish that those issues and facts are substantial and warrant stay of enforcement of the June 20 Order.

13. Even assuming, *arguendo*, that DelDOT has satisfied the "substantial issue" requirement under § 10144, it has not shown that the stay is required to prevent irreparable harm. DelDOT contends that, since Keeley is no longer employed by the State, it would suffer irreparable harm if Keeley later opposes the return of the back pay should DelDOT succeed on this Appeal. This purported harm amounts to mere speculation. DelDOT offers no evidence to suggest that Keeley would refuse to reimburse DelDOT if required, and the Court has found none.

## Conclusion

14. DelDOT's filing of the Motion for Reconsideration is timely and tolls the finality of the MERB's March 27 Order. DelDOT has timely appealed the March 27 and June 20 Orders to this Court. DelDOT has failed to properly establish that it will prevail on the merits of the issues presented, or that it will suffer irreparable harm if the June 20 Order is enforced.

---

[28] Mot. to Stay; ¶ 7.

For the foregoing reasons, Keeley's Motion to Dismiss is **DENIED**, and DelDOT's Motion to Stay is **DENIED**.

**IT IS FURTHER ORDERED** that DelDOT shall comply with the MERB's June 20 Order and pay Keeley a lump sum of back pay as instructed in that Order, within 10 business days after this Memorandum Opinion and Order is entered.

**IT IS SO ORDERED.**

Sheldon K. Rennie, Judge

9